## Case No. 7,140.

JACKSON v. McCULLOCH et al.

[1 Woods, 433; 13 N. B. R. 283; 1 N. Y. Wkly. Dig. 534.] [1]

Circuit Court, W. D. Texas. Jan. Term, 1871.

A. M. Jackson, in pro. per.
C. S. West, for defendants.

WOODS, Circuit Judge. This is a bill in equity filed by A. M. Jackson, as assignee in bankruptcy of George B. Hollaman, to set aside a deed of assignment made by Hollaman to H. E. McCulloch, one of the defendants, for a decree, that the defendants, Frazer and wife, Leroy M. Roberts and John P. Erskine, pay to the complainant the amounts respectively received by them from McCulloch, by virtue of the deed of assignment, on the debts due to them from the bankrupt, and that McCulloch be compelled to account for and pay over the proceeds of

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission. 1 N. Y. Wkly. Dig. 534, contains only a partial report.]

the property sold by him under and by virtue of the deed of assignment, subject to such equitable deductions as he may show himself entitled to. The ground of this claim is because the deed of assignment was made within six months before the filing of his petition in bankruptcy by Hollaman, and was made to McCulloch, who, at the time, had reasonable cause to believe that Hollaman was insolvent or was acting in contemplation of insolvency, and that the deed of assignment was made by Hollaman with a view to prevent his property from coming to his assignee in bankruptcy, or to prevent the same from being distributed under the bankrupt act of congress, or to defeat the object of said act, or to impair, hinder or delay the operation of said act, or to evade the provisions thereof.

I hold the following propositions to be established law: 1. Insolvency, within the meaning of the bankrupt act, means inability to pay debts in the ordinary course of business, as persons carrying on trade usually do. A trader is insolvent when he cannot pay his debts in the ordinary course of business, although he may not be compelled to stop business from his inability; and, although, on a settlement of his affairs, he may have sufficient to pay in full. 2. An assignment to a trustee of all a trader's property in trust for the benefit of his creditors, which necessarily puts an end to the business of the debtor, and which gives a preference to some creditors over others, is made out of the usual ordinary course of business, and, if made in contemplation of insolvency, is not only prima facie but conclusive evidence of an intent on the part of the debtor to defeat the operation of the bankrupt act, and is therefore void. 3. The trustee is charged with notice of the insolvency of the debtor, and his intent to evade the provisions of the bankrupt act by the very terms of such an assignment. All persons claiming the benefit of such an assignment are chargeable with knowledge of the terms thereof, and consequently with knowledge of the insolvency of the debtor and his purpose to evade the operation of the bankrupt law.

The bare enunciation of these principles disposes of this case. At the date of the deed of assignment, Hollaman was insolvent, and he knew it. It was his duty to go into bankruptcy, but instead of this, he chose to make an assignment, giving preference to certain of his creditors. He, therefore, intended to defeat the operation of the bankrupt act, which requires equal distribution among the creditors of the bankrupt's assets. The deed to McCulloch was notice to him and to all claiming the benefit of the deed, of the insolvency of Hollaman, and of his purpose to evade the operation of the bankrupt act.

The conclusion is inevitable, that the deed of assignment must be declared null and void; that Fraser and wife, Erskine and Roberts must pay to the assignee the amounts received by them respectively from McCulloch, and where such amounts were paid in coin, must repay the same in coin or its equivalent in currency; that McCulloch must account for the proceeds of the property received and disposed of by him under the deed of trust, and not already turned over to the assignee in bankruptcy, allowing him credit for his reasonable services and expenses in selling the property, and for whatever may be collected from his codefendants, Fraser and wife, Roberts and Erskine. Decree accordingly.